UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDIRAHMAN NUR, D.D.S,

    Plaintiff,

Case No. 19-cv-10102
Hon. Matthew F. Leitman

v.

LAWRENCE W. STEWART, D.D.S., *et al.*,

    Defendants
_____/

**<u>ORDER (1) GRANTING PLAINTIFF'S MOTION TO COMPEL EXECUTION OF SETTLEMENT AND RELEASE AGREEMENT AND TO ENFORCE THE TERMS OF THE SETTLEMENT AGREEMENT (ECF #15) AND (2) DIRECTING DEFENDANTS TO SHOW CAUSE WHY THEY SHOULD NOT BE SANCTIONED</u>**

**I**

Plaintiff Abdirahman Nur, D.D.S., brings this action against Defendants Lawrence Stewart, D.D.S., Fill Good Dental Center, PLLC, and Fill Good Dental Care, PC. (*See* Am. Compl., ECF #7.) Nur asserts claims for, among other things, breach of fiduciary duty, conversion, and willfully and oppressive conduct under Michigan Compiled Laws § 450.4515. (*See id.*) The dispute arises out of and relates to a dental practice that was operated by Nur and Stewart.

On March 7, 2019, the parties attended a voluntary mediation conducted by Judge Neil G. Mullally (retired). And they reached a settlement. They memorialized the settlement in a document entitled "Settlement Agreement." (*See* ECF #15-1.)

The Settlement Agreement was signed by Nur individually and in his capacity as shareholder and officer of Fill Good Dental Center PLLC. (*See id.* at Pg. ID 100.) The Settlement Agreement was also signed by Stewart individually and in his capacity as shareholder and officer of Fill Good Dental Center PLLC. (*See id.*) The Settlement Agreement was not signed by Defendant Fill Good Dental Care PC. (*See id.*) Counsel for all parties and the mediator also signed the Settlement Agreement. (*See id.*)

The Settlement Agreement provided, among other things, that:

- The parties intended it to be a "full and final settlement." (*Id.* at Pg. ID 99);

- Stewart would "assume the first $22,000 of the principal" of a loan made by Banker's Health and would also assume "the total 100% obligation" of a loan made by Wells Fargo. (*Id.*);

- Stewart would make the payments owing on the Banker's Health and Wells Fargo loans "in a timely manner. (*Id.*);

- Stewart would pay all taxes for Fill Good Dental Center PLLC beginning January 1, 2014. (*See id.*);

- Nur would pay "50% of the [Fill Good Dental Center] PLLC taxes for the tax year ending December 31, 2013, and all prior years, up to a total of $2,500. (*Id.*); and

- Stewart would pay the balance of Fill Good Dental Center PLLC's taxes for tax year 2013 and prior years. (*See id.*)

The Settlement Agreement contained the essential terms of the settlement, but it was not in the form of a formal settlement agreement. It was apparently not

possible for the parties to prepare and finalize a formal settlement agreement on scene at the facilitation. Therefore, they provided in the Settlement Agreement that their lawyers would "prepare a formal settlement agreement" containing, among other things, broad mutual releases (the "Formal Agreement"). (*Id.*)

After the mediation, counsel for Nur sent a draft of the Formal Agreement to the lawyer who represented Stewart and Fill Good Dental Center PLLC ("Stewart's Counsel"), and Stewart's Counsel returned a "mark up" showing his requested changes to the Formal Agreement. (*See* email correspondence between counsel, ECF #15-3 at Pg. ID 115-17.) Stewart's Counsel thereafter communicated to Nur's counsel that Stewart was willing to sign the Formal Agreement. (*See id.*) Stewart's counsel said that the executed Formal Agreement was "[o]n the way." (*Id.* at Pg. ID 117.) But that was not true. Stewart never signed the Formal Agreement on his own behalf or on behalf of Fill Good Dental Center PLLC, and he persists in his refusal to do so.

Nur has now filed a motion (1) to compel Stewart to fulfill his promise in the Settlement Agreement to execute the Formal Agreement and (2) to enforce the terms of the Formal Agreement. (*See* Motion, ECF #15.) For the reasons explained in this order, the motion is **GRANTED** on the terms set forth below. Nur also moves the Court to impose sanctions on Stewart and Fill Good Dental Center PLLC. (*See id.*) As explained below, instead of granting that motion at this point, the Court directs

Stewart, Fill Good Dental Center PLLC, and their counsel to show cause in writing why they should not be sanctioned.

## II

### A

"It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them." *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992) (internal quotations omitted). "Before enforcing settlement, the district court must conclude that agreement has been reached on all material terms." *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988).

"Whether a settlement agreement is a valid contract between the parties is determined by reference to state substantive law governing contracts generally." *Bamerilease Capital Corp.*, 958 F.2d at 152 (internal alterations omitted). The Settlement Agreement was negotiated and executed in Michigan and relates to a dispute concerning the operations of a dental practice in Michigan. Thus, Michigan law governs whether the Settlement Agreement is valid and enforceable.

Under Michigan law, "[i]n order to form a valid contract, there must be a meeting of the minds on all the material facts. A meeting of the minds is judged by an objective standard, looking to the express words of the parties and their visible acts, not their subjective states of mind." *Kamalnath v. Mercy Mem'l Hosp. Corp.*,

487 N.W.2d 499, 503 (Mich. Ct. App. 1992). But even if there is a meeting of the minds, an agreement will not be enforced if it resulted from "fraud or mutual mistake," *Brown v. Cty. Of Genessee*, 872 F.2d 169, 174 (6th Cir. 1989), from "unconscionable advantage," *Plamondon v. Plamondon*, 583 N.W.2d 245, 246 (Mich. Ct. App. 1998), or from coercion or duress. *See Norton v. State Hwy. Dept.*, 24 N.W.2d 132, 135-36 (Mich. 1946).

**B**

The Settlement Agreement is a valid and enforceable contract. It reflects a clear meeting of the minds on all material terms. More specifically, it sets forth the economic terms on which the parties' agreed to resolve their dispute and provides that the parties will execute full mutual releases. (*See* Settlement Agreement, ECF #15-1.) Moreover, the Settlement Agreement plainly did not result from coercion, duress, or unconscionable advantage. Indeed, the parties freely negotiated and executed that agreement while represented by counsel and with the assistance of a mediator. Finally, there is no evidence or suggestion that the Settlement Agreement resulted from fraud or mutual mistake.

Stewart and Fill Good Dental Center PLLC do not dispute any of this. Instead, they contend that Stewart should be excused from his obligations under the Settlement Agreement – including the obligation to execute and honor the Formal Agreement – because Stewart made a mistake in executing the Settlement

Agreement. Stewart and Fill Good Dental Center PLLC claim that Stewart committed to make the payments identified in the Settlement Agreement based upon his erroneous assumption that his dental practice would generate sufficient revenue to cover the payments:

> Dr. Stewart at time of the settlement was not completely aware of the exact amount of revenue available for debt service. Shortly after the facilitation Dr. Stewart reviewed the practice's earnings before interest and tax (EBIT) with his accountant. It became immediately apparent the revenue generated by only one dentist is not sufficient to cover the monthly amount originally agreed to [in the Settlement Agreement]. So Dr. Stewart's position is that he will continue to pay the amount agreed to but at a lesser monthly amount.

(Resp. to Mot., ECF #16 at Pg. ID 122.)

Stewart may not avoid his clear obligations under the Settlement Agreement based upon his alleged *unilateral* mistake. Under Michigan law, a "unilateral mistake" is not "sufficient to modify a previously negotiated agreement." *Hilley v. Hilley*, 364 N.W.2d 750, 753 (Mich. App. 1985). Thus, this Court and the Michigan Court of Appeals have fully enforced settlement agreements that were the result of a purported unilateral mistake. *See, e.g.*, *Stenger v. Freeman*, 2015 WL 5579463, at *4 (E.D. Mich. Sept. 23, 2015) (granting motion to enforce settlement notwithstanding claim of unilateral mistake and explaining that only a "mutual mistake" warrants rescission or modification of a settlement agreement); *Smart v. Nationwide Mut. Ins. Co.*, 2007 WL 1452029, at *3 (Mich. Ct. App. May 17, 2007)

(affirming decision to enforce settlement agreement notwithstanding claim of unilateral mistake). Stewart and Fill Good Dental Center PLLC have not cited any law to the contrary. There does not appear to be a basis for their claim that they may avoid their obligations under the Settlement Agreement based upon Stewart's mistaken belief that he could afford the payments he agreed to make.

### III

For all of the reasons explained above, **IT IS HEREBY ORDERED THAT**:

1. Nur's motion to compel execution of the Formal Agreement and to enforce the terms of that agreement (ECF #15) is **GRANTED**;

2. Stewart shall fully execute the Formal Agreement (*see* ECF #15-3) by not later than **August 30, 2019**;

3. Stewart and Fill Good Dental Center PLLC are bound by, and shall comply with, the terms of the Formal Agreement. Their failure to comply shall subject them to liability for breach of contract; and

4. Stewart, Fill Good Dental Center PLLC, and their counsel shall **SHOW CAUSE** in writing by **September 6, 2019**, why they should not be sanctioned pursuant to 28 U.S.C. § 1927 and/or the Court's inherent authority for taking a position – namely, that they may be excused from fulfilling their contractual obligations on the basis of a claimed unilateral mistake – that (a) appears at odds with settled Michigan law and (b) was not supported by a citation to any legal authority. (The Court notes that only counsel may be subject to sanctions under 28 U.S.C. § 1927.)

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 22, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 22, 2019, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda
                                                Case Manager
                                                (810) 341-9764